IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

REO L. COVINGTON,

                    Plaintiff,                    OPINION AND ORDER

   v.

                                                      13-cv-379-wmc

SERGEANT STEINERT, MARIE SVEC,
PAUL LUDVIGSON, WILLIAM J. POLLARD,

                    Defendants.
_____

      Plaintiff Reo Covington is presently incarcerated by the Wisconsin Department of Corrections at the Waupun Correctional Institution. Covington brings this action pursuant to 42 U.S.C. § 1983, alleging interference with his mail and retaliation by prison personnel. Covington requests leave to proceed *in forma pauperis* and has made an initial, partial payment of the filing fee as required by the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(b)(1). Before this case can proceed, however, the PLRA also requires the court to review the complaint and dismiss any portion that is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In addressing any pro se litigant's complaint, the court must read the allegations generously, holding them "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, Covington's request for leave to proceed must be denied for the reasons set forth below.

ALLEGATIONS OF FACT

For purposes of this order, the court accepts all well-pled allegations as true and assumes the following probative facts.

Plaintiff Reo Covington is an inmate in Waupun Correctional Institution ("WCI"), where all of the defendants are employed. Defendant Sergeant Steiner is a correctional officer. It appears that defendants Marie Svec and Paul Ludvigson are supervisory officials. Defendant William J. Pollard is WCI's Warden.

On September 25, 2012, Sergeant Steinert opened and read a piece of Covington's outgoing mail. Although the letter contained no contraband, Steinert did not reseal it and place it back in the mailbox, but instead passed it to Marie Svec, who also read it and then confiscated it.

Covington does not disclose the contents of the letter or the reason given for its confiscation, if any. Instead, he alleges that Svec and Ludvigson retaliated against him for filing grievances regarding their confiscation of the letter. Svec reportedly told the Program Review Committee that Covington had "poor institutional adjustment" and recommended that the committee keep him in a maximum security setting.[1] Ludvigson allegedly denied Covington an official job as a prison tutor, although Ludvigson had previously encouraged Covington to apply for the job. When Covington complained about the confiscation and retaliation, Warden Pollard is alleged to have "turned a blind eye" and denied his grievances.

---

[1] In the state prison setting, a Program Review Committee makes decisions about an inmate's medical treatment, educational needs, and security classification. *See generally* Wis. Admin Code DOC § 302.15.

OPINION

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim

under § 1983). Here, Covington contends that the defendants violated his constitutional rights under the First, Fourth and Fourteenth Amendments, but provides so little detail that the court is unable to discern a viable claim.

### I. Opening, Reading and Keeping the Letter

By opening, reading and keeping his outgoing mail, Covington contends that Steinert and Svec violated his rights under the First and Fourth Amendments. A prisoner has no right to privacy with respect to his property, *see Hudson v. Palmer*, 468 U.S. 517, 530 (1984), and so Covington cannot state a claim under the Fourth Amendment. His allegations do not otherwise articulate a viable claim under the First Amendment.

Although prisoners have a First Amendment right to send and receive mail, that right is not unqualified. *See Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011), *cert. denied sub nom. Jones-El v. Pollard*, 132 S. Ct. 1932 (2012); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). It is well established that prison officials may inspect mail for contraband. *See Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974); Wis. Admin. Code § DOC 309.04 (prison personnel may open and inspect incoming and outgoing mail for contraband). There is an exception for legal mail, which is entitled to greater protection because of the potential for interfering with a prisoner's access to the courts. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). Nevertheless, if a prisoner's correspondence is found to contain contraband or matters deemed a threat to institutional safety and security, that piece of mail may not be delivered. *See* Wis. Admin. Code § DOC 309.04.

4

Prison officials may impose restrictions on prisoner correspondence if those restrictions are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). "Such legitimate penological interests may include crime deterrence, prisoner rehabilitation, and protecting the safety of prison guards and inmates." *See Van den Bosch*, 658 F.3d at 85 (citing *Singer v. Raemisch*, 593 F.3d 529 (7th Cir. 2010) (affirming summary judgment in favor of prison officials who restricted role-playing game that mimicked the organization of gangs); *May v. Libby*, 256 F. App'x 825 (7th Cir. 2007) (affirming grant of judgment as a matter of law for prison officials who confiscated inmate's internal grievance form against the prison because it was not unreasonable to perceive letter as a threat); *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005) (affirming district court's dismissal of prison officials who refused to distribute publications deemed pornographic)).

Here, Covington provides <u>no</u> facts about the piece of outgoing mail that was opened, read and confiscated. He does allege, however, that he was kept in maximum security custody as a "high risk" inmate as the result of the letter's contents, which suggests that the letter implicated institutional safety or security. If so, Covington fails to demonstrate that it was improperly confiscated in violation of the First Amendment. Under these circumstances, dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If Covington wishes to proceed, he must file an

amended complaint describing the contents of the letter, identifying to whom the letter was addressed and what was written inside.

## II. Retaliation

Covington also filed grievances against Sergeant Steinert and Svec for improperly confiscating the letter. In retaliation, Covington contends that Svec labeled him a "high risk" inmate and Ludvigson denied him a job as a tutor. Covington appears to claim further that Warden Pollard retaliated against him by denying his grievances.

To state a claim for retaliation, a plaintiff must: (1) identify a constitutionally protected activity in which he was engaged; (2) identify one or more retaliatory actions taken by defendant that would likely deter a person of "ordinary firmness" from engaging in the protected activity in the future; and (3) allege sufficient facts that would make it plausible to infer that plaintiff's protected activity was a motivating factor in defendant's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 555-56 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

Covington cannot proceed with a retaliation claim in this instance because he provides no information about the grievances that he filed. A prisoner certainly has a First Amendment right to file grievances about the conditions of his confinement. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Powers v. Snyder*, 484 F.3d 929, 933 (7th Cir. 2007); *Babcock v. White*, 102 F.3d 267, 276 (7th Cir. 1996). Nevertheless, "a prisoner must exercise that right 'in a manner consistent with his status as a prisoner.'" *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (quoting *Freeman v. Texas Dep't of*

6

*Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004)). Only non-frivolous grievances are protected by the First Amendment. *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *see also Gillis v. Pollard,* No. 13-2924 (7th Cir. Jan. 30, 2014) (unpublished) (citation omitted)).

As noted above, Covington has provided insufficient information about the letter or the reason given for its confiscation. Because Ludvigson was apparently not named in his grievances, Covington likewise fails to demonstrate how those grievances could constitute a motivating factor in the alleged adverse action (*i.e.*, his decision not to give Covington a job as a tutor). Without more information, Covington has not supplied a "chronology of events from which retaliation may be inferred." *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (citations and internal quotations omitted). Accordingly, his request for leave to proceed with a retaliation claim will also be denied at this time. Covington may, however, submit an amended complaint regarding this claim as well.

### III. Fourteenth Amendment Equal Protection

Covington mentions "equal protection" in his complaint, but does not allege facts that show a claim under this doctrine.[2] Covington does not allege that his letter was seized as the result of his membership in a protected class. An equal-protection claim brought by a "class of one" can succeed only if the plaintiff demonstrates that he has been intentionally treated differently from others similarly situated and that there is no

---

[2] Assuming that he had a property interest in the letter, Covington does not allege that he was denied notice or an opportunity to be heard regarding its confiscation. Therefore, his complaint is not construed to raise a claim under the Fourteenth Amendment Due Process Clause.

rational basis for this different treatment. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Absent facts showing that he was intentionally treated differently from other, similarly situated inmates for no legitimate reason, Covington cannot proceed with a claim under the Fourteenth Amendment Equal Protection Clause. Again, however, Covington may submit an amended complaint regarding this claim.

## ORDER

IT IS ORDERED that:

1. Plaintiff Reo L. Covington's request for leave to proceed is DENIED and his complaint is DISMISSED without prejudice for failure to state a claim.

2. To proceed, plaintiff must file an amended complaint **within thirty days** of the date of this order. That proposed amended complaint must set forth a "short and plain statement" of the facts in support of his claims, *see* Fed. R. Civ. P. 8(a), limited to those claims listed in the original complaint.

3. If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915A. **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice pursuant to Fed. R. Civ. P. 41(b).**

Entered this 25th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge